UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Criminal No. 6:17-CR-00066-GFVT-HAI |
| V. | ) ) | |
| STEPHEN TATE, | ) ) | **ORDER** |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 12.] Defendant Stephen Tate has been charged with three violations of his supervised release for conduct relating to misuse of his prescriptions. *Id*. at 2–3.

On February 13, 2008, District Judge Harry S. Mattice, Jr., of the United States District Court for the Eastern District of Tennessee sentenced Mr. Tate to 120 months imprisonment for conspiracy to distribute methamphetamine. [R. 1-3 at 1–3.] He began his five-year term of supervised release in the Eastern District of Tennessee on January 29, 2016. *Id*. While in Tennessee, on March 14, 2017, Mr. Tate was charged with a violation of his supervised release for taking more hydrocodone pills than were prescribed to him, but the United States Probation Office (USPO) recommended no action be taken. [R. 12 at 1.] Eight months later, Mr. Tate requested permission to participate in a detox and substance abuse program, which was granted. *Id*. Jurisdiction was transferred to this district on December 6, 2017, and he completed the program on December 28, 2017. *Id*. at 2.

According to the Supervised Release Violation Report (the Report) issued by the USPO on May 24, 2018, Mr. Tate took more than his prescribed dose of hydrocodone and lorazepam. *Id*. On May 4, 2018, he filled a fifteen-day prescription for forty-five tablets of hydrocodone/acetaminophen, and he admitted to USPO that he took his final pill on May 11, 2018. *Id*. The prescription records indicated he should have twelve pills remaining on May 12, 2018. *Id*. On May 10, 2018, Mr. Tate filled a prescription for twenty tablets of lorazepam with instructions to take a maximum of two tablets per day. *Id*. By May 14, 2018, he only had seven tablets remaining when he should have had ten. *Id*. Also on May 14, 2018, Mr. Tate submitted a urine sample that tested positive for marijuana. *Id*. He relayed to the USPO he had taken Ananda Hemp, which contains tetrahydrocannabinol (THC).[1]

Initially, Mr. Tate was charged with three violations related to this conduct. Violation #1, a Grade C Violation, charges him with violating Standard Condition #7 that prohibits him from purchasing possessing, using, distributing, or administering any controlled substance except as prescribed by a physician. *Id*. at 3. Violation #1 is based on the number of remaining hydrocodone and lorazepam tablets during the examination conducted by USPO on May 14, 2018. *Id*. Violation #2, also a Grade C Violation, charges Mr. Tate with another violation of Standard Condition #7, this time for his marijuana-positive urine sample. *Id*. Violation #3, a Grade B Violation, charges him with a violation of the special condition that prohibits him from committing another federal, state, or local crime, based on his criminal history and the possession of marijuana, a Class E felony. *Id*.

Later, on June 15, 2018, the USPO issued an Addendum to the Report. The Addendum

---

[1] Ananda Hemp is a "full spectrum hemp extract." *Ananda Hemp*, http://anandahemp.com (last visited July 27, 2018). Industrial hemp contains some level of THC but is not subject to the Controlled Substances Act. 21 U.S.C. § 801 *et seq*. Because the United States ultimately dismissed these violations, the Court declines to address the legality of the Amanda Hemp products.

alleged that, on June 5, 2018, Mr. Tate submitted a second urine sample which also tested positive for marijuana. *Id*. Again, Mr. Tate indicated he was using Ananda Hemp. *Id*. The Addendum added two violations stemming from this conduct. Violation #4, a Grade C Violation, charges him with another violation of Standard Condition #7, and Violation #5, a Grade B Violation, charges him with another violation of the special condition that prohibits him from committing another federal, state, or local crime. *Id*. Both Violation #4 and Violation #5 resulted from the second marijuana-positive urine sample, and thus, the alleged possession of marijuana. *Id*.

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on June 20, 2018, the United States did not move for interim detention. [R. 7.] Mr. Tate was released on his current conditions of supervision. *Id*. On July 11, 2018, Judge Ingram held a final revocation hearing, where Mr. Tate competently entered a knowing, voluntary, and intelligent stipulation to Violation #1. [R. 11.] Because of Mr. Tate's indications that he was using Ananda Hemp, not marijuana, the United States moved to dismiss Violations #2–#5. *Id*.

With Mr. Tate's criminal history category of I and a Grade C violation,[2] Judge Ingram calculated his Guidelines Range to be three (3) to nine (9) months. [R. 12 at 5.] The parties agreed to a recommendation that Mr. Tate's supervised release not be revoked. *Id*. While he has two previous violations relating to his misuse of opiate prescriptions, Mr. Tate had reached out to USPO for help when he realized he had become dependent. *Id*. He has not attempted to cover his relapses, instead seeking treatment on his own. *Id*. Defense counsel agreed, noting that his misuse of the prescription medication could be attributed to his confusion regarding the tapering

---

[2] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

process. *Id*. at 6. Mr. Tate was previously taking four tablets of hydrocodone/acetaminophen per day, but the tapering process had changed this direction to three tablets per day without him realizing this change. *Id*. Defense counsel also admitted that it is Mr. Tate's responsibility to monitor compliance with his prescriptions. *Id*.

After consideration of the nature and circumstances of Mr. Tate's conviction, as well as his history and characteristics, Judge Ingram found revocation not to be appropriate in this case. *Id*. at 6–7. Mr. Tate seems dedicated to overcoming his addiction and has continued outpatient substance abuse treatment. *Id*. Additionally, the USPO indicates he has been honest and forthcoming with their officers concerning his addiction and road to recovery. *Id*. Judge Ingram ultimately recommended no revocation, for Mr. Tate to continue on his current term of supervised release under the current conditions. *Id*. at 7. This term is set to expire on January 28, 2021.

This Court echoes Judge Ingram's concern about this breach of the Court's trust. While Mr. Tate's proactive nature and honest responses are commendable, he must be careful when taking his prescriptions. This is Mr. Tate's third violation of his supervised release, and future violations may result in revocation.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Tate has filed a waiver of allocution. [R. 13.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 12**] as to Defendant Stephen Tate, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Tate is found **GUILTY** of Violation #1;

3. Violation #2, Violation #3, Violation #4, and Violation #5 are **DISMISSED**;

4. Mr. Tate Supervised Release **SHALL CONTINUE** under the existing conditions and period of time required by R. 1-3; and

5. Judgment shall enter promptly.

This the 1st day of August, 2018.

Gregory F. Van Tatenhove
United States District Judge