UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No. 6:17-CR-00066-GFVT-HAI |
| | ) | |
| V. | ) | |
| | ) | |
| STEPHEN TATE, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 23.] Defendant Stephen Tate has been charged with two violations of his supervised release. *Id*. at 2–3.

On February 13, 2008, District Judge Harry S. Mattice, Jr., of the United States District Court for the Eastern District of Tennessee sentenced Mr. Tate to 120 months imprisonment for conspiracy to distribute methamphetamine. [R. 1-3 at 1–3.] He began his five-year term of supervised release in the Eastern District of Tennessee on January 29, 2016. *Id*. While in Tennessee, on March 14, 2017, Mr. Tate was charged with a violation of his supervised release for taking more hydrocodone pills than were prescribed to him, but the United States Probation Office (USPO) recommended no action be taken. [R. 12 at 1.] Eight months later, Mr. Tate requested permission to participate in a detox and substance abuse program, which was granted. *Id*. Jurisdiction was transferred to this district on December 6, 2017, and he completed the program on December 28, 2017. *Id*. at 2. On May 24, 2018, USPO in the Eastern District of Kentucky charged Mr. Tate with various violations of his supervised release and he plead guilty to one charge of misusing his prescription medication. *Id*. at 3–4. The Court adopted both

parties' recommendation that Mr. Tate's supervised release not be revoked. *Id.* at 4.

According to the Supervised Release Violation Report (the Report) issued by the USPO on March 19, 2019, Mr. Tate has committed two violations of his supervised release conditions. [R. 23 at 2.] On July 9, 2019, Mr. Tate was a passenger in a vehicle driven by a person under the influence. *Id.* After being pulled over, Mr. Tate consented to be searched when a Kentucky State Police (KSP) officer saw drug paraphernalia in the car. *Id.* The officer found on Mr. Tate his prescription Oxycodone, which he had been using improperly, and two small bags of methamphetamine. *Id.* at 2–3. Mr. Tate was arrested and plead guilty to three state charges related to this conduct. *Id.* at 3.

Based on this incident, USPO charged Mr. Tate with two supervised release violations. *Id.* First, Mr. Tate was charged with violating the condition he not commit another federal, state, or local crime, and that he not illegally possess a controlled substance (here, methamphetamine). *Id.* This is a Grade B violation because the most serious state charge (possession of methamphetamine) is a Class D felony. *Id.* Violation #2 is based on the condition that Mr. Tate only use controlled substances as prescribed by a physician. *Id.* The officer who arrested Mr. Tate found he had been taking an average of nine Oxycodone pills a day instead of the four per day he was prescribed. This is a Grade C violation, but the United States moved to dismiss this violation at the final hearing. *Id.*

Upon his initial appearance before Magistrate Judge Hanly A. Ingram on July 10, 2019, Mr. Tate knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. [R. 17.] The United States moved for interim detention, and Mr. Tate failed to overcome the heavy defense burden, so he was detained. *Id.* On July 15, 2019, Judge Ingram held a final revocation hearing, where Mr. Tate competently entered a knowing, voluntary, and intelligent stipulation to

Violation #1. [R. 20 at 1.] The United States moved to dismiss Violation #2. *Id.*

With Mr. Tate's criminal history category of I and a Grade B violation, Judge Ingram calculated his Guidelines Range to be four (4) to ten (10) months. [R. 23 at 5.] The United States requested revocation and an above-guidelines sentence of twelve (12) months followed by one year of supervised release, which would run concurrently with Mr. Tate's state imposed twelve-month drug rehabilitation. *Id.* Mr. Tate requested eight (8) months of imprisonment and twelve (12) months of supervised release. *Id.* The government argued the leniency that has been granted to Mr. Tate in the past warrants an above-guidelines sentence because he has seriously breached the Court's trust. *Id.* at 6. The defense argued first that because Mr. Tate has been in Wayne County jail for four months, an eight-month sentence would be, in effect, twelve months' incarceration. *Id.* Further, though Mr. Tate has received multiple opportunities for drug treatment, the defense asserted he is an addict who has a self-medication problem, but he hopes to stay away from prescription opiates moving forward. *Id.* at 6–7.

After consideration of the nature and circumstances of Mr. Tate's conviction, as well as his history and characteristics, Judge Ingram found revocation to be appropriate as well as required under 18 U.S.C. § 3583(g)(1) and U.S.S.G. § 7B1.3(a)(1). *Id.* at 7. Judge Ingram noted the seriousness of Mr. Tate's underlying offense, and that because this violation also involves methamphetamine, concern is warranted that he could fall back into trafficking drugs again. *Id.* at 8. Mr. Tate's addiction controls the consideration of his history and characteristics. *Id.* He suffers from chronic pain and uses prescription opioids and methamphetamine to self-medicate. *Id.* Regarding the need to protect the public and deter criminal conduct, Judge Ingram found a ten-month sentence sufficient to protect the public from further drug trafficking and send a clear message to Mr. Tate. *Id.*

Finally, this Court echoes Judge Ingram's concern about this breach of the Court's trust. *Id.* Mr. Tate has continually self-medicated and now his addiction has escalated to include methamphetamine. In the face of the leniency this Court has granted Mr. Tate in the past, he has seriously breached the level of trust that is necessary during his period of supervised release. *Id.* Therefore, the Court agrees with and adopts Judge Ingram's finding that a period of ten months of incarceration is sufficient, but not greater than necessary, to reflect the § 3553(a) factors. *Id.* at 8–9.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Tate has filed a waiver of allocution. [R. 24-1.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 23**] as to Defendant Stephen Tate, is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Tate is found **GUILTY** of Violation #1;

3. Violation #2 is **DISMISSED** with prejudice;

4. Mr. Tate's Supervised Release is **REVOKED**

5. Mr. Tate is hereby **SENTENCED** to a term of incarceration of **ten (10) months** with a period of supervised release of **twelve (12) months** under the conditions previously imposed to follow;

6. Judgment shall enter promptly.

This the 12th day of August, 2019.

Gregory F. Van Tatenhove
United States District Judge